UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HARRIS,<br><br>   Plaintiff,<br><br> v.<br><br>DANIEL P. DRISCOLL,<br><br>   Defendant. | Case No. 25-cv-03901-JST<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: ECF No. 12 |

  Before the Court is Defendant Daniel P. Driscoll's motion to dismiss. ECF No. 12. The Court will grant the motion.

**I. BACKGROUND**

  On May 5, 2025, Plaintiff Paul Harris filed this action, accusing Defendant of "violat[ing] Section 501 of the Rehabilitation Act" and wrongful termination. ECF No. 1 ("Comp.") ¶ 21, 23, 25. Harris alleges Defendant violated the Rehabilitation Act "by discriminating against [Harris] on the basis of his disabilities" (*id*. ¶ 21) and "fail[ing] to provide reasonable accommodations for [Harris's] known disabilities" (*id*. ¶ 23). As alleged in the complaint, Harris was employed by the United States Army Corps of Engineers ("USACE") as an Engineer Technician "from April 2011 until his separation on February 1, 2020." *Id*. ¶ 6. Harris alleges that he "suffers from multiple service-connected disabilities, diagnosed by the Department of Veterans Affairs (VA)," including post-traumatic stress disorder ("PTSD"), major depressive disorder, and alcohol use disorder. *Id*. ¶ 7. Harris further alleges that "[t]he VA assigned [him] a 70% disability rating for these conditions effective June 1, 2017, which was increased to 100% compensation with individual unemployability effective May 22, 2019." *Id*. ¶ 8.

  The complaint alleges that Defendant "failed to provide reasonable accommodations for

[Harris's] known disabilities" by denying his request for one-year of leave without pay ("LWOP") to undergo treatment for PTSD, major depressive disorder, and alcohol use disorder. *Id*. ¶ 23. As pled in the complaint, Harris's "symptoms worsened" in May 2019, and Harris "requested a one-year leave without pay (LWOP) from USACE to undergo VA treatment for his disabilities . . . ." *Id*. ¶ 11. Harris's LWOP request was "communicated to his supervisor, [] Nicholas Malasavage, during a phone call on August 7, 2019, where [Harris] explicitly disclosed his disabled veteran status, his PTSD diagnosis, and the necessity of VA treatment to manage his service-connected injuries and conditions." *Id*. Malasavage acknowledged Harris's LWOP request via email on August 8, 2019. *Id*. Harris's full LWOP request was denied, and Harris was instead permitted to take limited leave, which Harris alleges was "insufficient to complete the recommended treatment." *Id*. ¶ 12.

Harris also alleges that Defendant "discriminat[ed] against [Harris] on the basis of his disabilities[] [b]y terminating [Harris's] employment through a fraudulent transfer SF-50 misclassified as a voluntary resignation, due to his inability to return to work while undergoing treatment for PTSD, major depressive disorder, and alcohol use disorder . . . ." *Id*. ¶ 21. Harris alleges that "[i]n January 2020, Malasavage . . . demand[ed] [Harris] return to cover duties after his counterpart's departure[,]" and "[w]hen [Harris], still unable to work, suggested finding someone else, Malasavage unilaterally interpreted this as a resignation . . . ." *Id*. ¶ 12. "On February 1, 2020, Defendant processed [Harris's] separation from employment through a fraudulent Notification of Personnel Action (SF-50), classifying it as a voluntary resignation." *Id*. ¶ 14. However, Harris "did not submit a resignation letter, verbally agree to resign, or otherwise indicate any intent to terminate his employment, and during the formal [Equal Employment Opportunity] EEO investigation no documentation to support a voluntary resignation was found." *Id*. "On the day of separation, when [Harris], in a dazed and vulnerable state due to severe PTSD, arrived to return government property as demanded, Malasavage escorted him outside and stated, 'we treated it as a resignation.'" *Id*. Harris alleges that this "statement was deliberately misleading" and "designed to manipulate [Harris] into silence by playing on his fear of a termination record." *Id*. Harris further alleges that "[b]y framing it as a favor—implying that a

2

resignation spared him the stigma of firing—-Malasavage deepened [Harris's] confusion and deterred him from challenging the action, exploiting his impaired mental state to obscure the termination's true nature." *Id*.

On May 26, 2022, Harris filed a disability discrimination complaint with the EEOC. *Id*. ¶ 20. The EEOC issued a Notice of Right to Sue on February 5, 2025. *Id*.

## II.   JURISDICTION

Plaintiff's claims arise under the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. Comp. ¶ 2. The Court therefore has jurisdiction under 28 U.S.C. § 1331.

## III.   LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual allegations need not be detailed, but the facts must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. While this standard is not "akin to a 'probability requirement' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

In determining whether a plaintiff has met the plausibility requirement, a court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). In so doing, "a

court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. California Dep't of Corr.,* 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis omitted). However, the Court "may . . . consider unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)). Finally, a plaintiff may "plead[] facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (quoting *Arista Records, LLC v. Doe 3*, 603 F.3d 110, 120 (2d Cir. 2010)).

## IV.   DISCUSSION

Defendant moves to dismiss Harris's complaint in its entirety. Defendant argues that the Rehabilitation Act requires federal employees to "initiate contact with an EEO counselor within 45 days of the matter alleged to be discriminatory or . . . the effective date of the personnel action[,]" and Harris's failure to do so renders his claims untimely. *Id.* Harris does not dispute that he did not satisfy this requirement but argues that equitable tolling applies. ECF No. 14 ("Opp.") at 2.

### A.   Request for Judicial Notice

Federal Rule of Evidence 201 permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). "Accordingly, '[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment[,]" but a "court cannot take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (citation omitted).

Defendant requests that the Court take judicial notice of thirteen records from Harris's

4

1    administrative EEO proceedings attached to the Helland Declaration under Federal Rule of
2    Evidence 201.  Mot. at 6 n.2.  These documents are all matters of public record and are therefore
3    properly the subject of judicial notice.  Accordingly, the Court **GRANTS** Defendant's request for
4    judicial notice.  However, the Court does not notice these documents for the truth of the matters
5    asserted therein or for the purpose of resolving factual disputes.  *See Khoja*, 899 F.3d at 999-1001.

### B.     Motion to Dismiss

"Under federal regulations promulgated by the EEOC, federal employees complaining of discrimination by a governmental agency 'must consult a[n EEO] Counselor prior to filing a complaint in order to try to informally resolve the matter,'[] and they 'must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory . . . .'" *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002) (quoting 29 C.F.R. § 1614.105(a)).  "[F]ailure to comply with this regulation has been held to be fatal to a federal employee's discrimination claim."  *Id*.  The parties do not dispute that Harris was required to initiate contact with an EEO counselor by at least March 17, 2020 but dispute whether the deadline was equitably tolled until Harris initiated contact with an EEO counselor on May 26, 2022.[1]  Harris argues that equitable tolling applies here for three reasons: (1) he lacked actual knowledge of the 45-day deadline; (2) he suffered "severe mental health impairments—PTSD, depression, and alcohol use disorder—that drastically worsened post-termination"; and (3) Defendant's misconduct, through Nicholas Malasavage, delayed Harris's response.  Opp. at 2.

The Court finds that the facts alleged in the complaint fail to demonstrate grounds for equitable tolling.  As an initial matter, the complaint does not allege that Harris was unaware he was required to initiate contact with an EEO counselor by March 17, 2020.  In his opposition brief, Harris argues that (1) he did not receive any workplace updates, emails, or EEO materials from May 22, 2019 to February 1, 2020; (2) his alleged November 15, 2018 training "lapsed by

---

[1] Defendant notes that Harris "confirmed his pending separation on January 25, 2020, and the effective date of the separation, according to [Harris], is February 1, 2020."  Mot. at 11.  Defendant represents that "[w]hether [Harris] had been unequivocally notified on January 25, 2020, or February 1, 2020, is immaterial because [Harris] initiated contact with the EEO office on May 26, 2022, over two years after the 45-day window to contact EEO had closed (which, at the latest, would have been March 17, 2020—45 days after February 1)."  *Id*.

5

February 2020"; and (3) his "PTSD, depression, and alcohol use disorder caused documented memory loss [], preventing recall of the 45-day rule from November 2018 to May 26, 2022[]." Opp. at 3.  However, none of these facts are pled in the complaint.[2]

Harris's next argument, that his mental health impairments prevented timely action, is also without support in the complaint.  "The Ninth Circuit has held that 'mental incompetence' will toll a statute of limitations when it 'precludes a person from asserting his rights during the proper time period.'" *Bamforth v. Facebook, Inc.*, No. 20-CV-09483-DMR, 2021 WL 4133753, at *9 (N.D. Cal. Sept. 10, 2021) (quoting *Brockamp v. United States*, 67 F.3d 260, 263 (9th Cir. 1995)).  "A plaintiff must establish that the mental impairment was an extraordinary circumstance beyond his control by demonstrating the impairment was so severe that either (a) plaintiff was unable rationally or factually to personally understand the need to timely file, or (b) plaintiff's mental state rendered him unable personally to prepare a complaint and effectuate its filing." *Bamforth*, 2021 WL 4133753, at *9 (quotations and citation omitted).  "The plaintiff must also 'show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances . . . .'" *Id.* (quoting *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011)).

Here, the allegations set forth in the complaint do not a suggest that Harris's mental health impairments "precluded [him] from asserting his rights" from February 1, 2020 through May 26, 2022.  *Brockamp*, 67 F.3d at 263.  The complaint is largely devoid of any allegations regarding Harris's mental health from February 1, 2020 through May 26, 2022.  The complaint alleges that the "timing of [Harris's] termination coincided almost exactly with the onset of the COVID-19 pandemic, which began significantly impacting California in March 2020[,]" "[t]he pandemic disrupted [Harris's] access to VA treatment, as clinics and hospitals prioritized COVID patients and emergencies[,]" and "[t]his disruption compounded [Harris's] mental health deterioration, further delaying both his recovery and ability to understand and act on the discriminatory nature of his separation." Comp. ¶ 18.  However, these allegations fail to provide sufficiently "specific

---

[2] Because they are not pled in the complaint, the Court does not reach the question of whether, or to what extent, these facts provide grounds for a finding of equitable tolling.

details about how [Harris's] mental impairment made it impossible for him to timely bring his claims throughout that period." *Bamforth*, 2021 WL 4133753, at *9. "Without more, such statements are conclusory and provide no meaningful detail on how those symptoms affected [Harris's] daily functioning for [two] years." *Id.*; *see also Lacayo*, 2015 WL 993448, at *11 ("The threshold for incapacitation therefore requires a showing that the plaintiff 'was completely psychiatrically disabled during the relevant limitation period.'") (quoting *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir.1999)).

Harris's final argument, that Malasavage's deceptive actions delayed Harris's response, also fails to justify equitable tolling. Although the complaint alleges that Malasavage "deliberately falsified" the Notice of Personnel Action by "classifying it as a voluntary resignation" (Comp. ¶ 14), it does not allege that Malasavage made misrepresentations regarding the 45-day deadline to initiate contact with an EEO counselor. Even accepting as true the allegations that Malasavage acted fraudulently, the complaint fails to relate Malasavage's actions to Harris's failure to initiate contact with an EEO counselor before March 17, 2020. As alleged in the complaint, Malasavage's conduct does not provide grounds for equitable tolling. Having found the complaint fails to set forth grounds for equitable tolling, the Court grants Defendant's motion to dismiss.

### C.     Leave to Amend

Defendant requests that the Court dismiss Harris's complaint with prejudice. Mot. at 15. The Court declines to do so. The Court cannot definitively say at this stage that Harris would not be able to amend his complaint to set forth grounds for equitable tolling. Specifically, Harris may be able to plead facts demonstrating his "impairment was so severe that . . . [he] was unable rationally or factually to personally understand the need to timely file," or that his "mental state rendered him unable personally to prepare a complaint and effectuate its filing." *Bamforth*, 2021 WL 4133753, at *9 (quotations and citation omitted). Accordingly, the Court will grant Harris an opportunity to file an amended complaint.

/ / /

/ / /

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is granted with leave to amend. Any amended complaint must be filed within 28 days from the date of this order.

**IT IS SO ORDERED.**

Dated:  December 19, 2025



JON S. TIGAR
United States District Judge